The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on December 21, 2017, which may be different from its entry on the record.

**IT IS SO ORDERED.**

**Dated: December 21, 2017**



ARTHUR I. HARRIS
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In re: | Case No. 16-15276 |
| RICHARD ASHEFORD,<br>    Debtor. | Chapter 7 |
| VIRGIL E. BROWN, JR., TRUSTEE,<br>    Plaintiff, | Adversary Proceeding<br>No. 17-1004 |
| v. | Judge Arthur I. Harris |
| LANDMARK ACCEPTANCE<br>CORPORATION,<br>    Defendant. | |

MEMORANDUM OF OPINION[1]

In this adversary proceeding, the trustee seeks to avoid a security interest in a motor vehicle that was not perfected until thirty-two days after the retail installment contract and security agreement were signed by the debtor. The

---

[1] This Opinion is not intended for official publication.

creditor asserts that a condition precedent placed on the sale delayed the transfer of any interest in the vehicle to the debtor, making the creditor's perfection timely. Alternatively, the creditor argues that the trustee cannot avoid the security interest because the transfer was substantially contemporaneous with the debtor's acquisition of an interest in the motor vehicle. The matter is currently before the Court on cross-motions for summary judgment. For the reasons that follow, the trustee's motion for summary judgment is granted, and the creditor's motion for summary judgment is denied. The trustee may avoid the security interest as a preferential transfer and preserve it for the benefit of the bankruptcy estate pursuant to §§ 547 and 551 of the Bankruptcy Code.

## JURISDICTION

The Court has jurisdiction over this matter. Proceedings to avoid and recover preferential transfers are core proceedings under 28 U.S.C. § 157(b)(2)(F). This Court has jurisdiction over core proceedings under 28 U.S.C. §§ 157(a) and 1334 and Local General Order No. 2012-7, entered by the United States District Court for the Northern District of Ohio.

## PROCEDURAL HISTORY

On September 26, 2016, the debtor, Richard Asheford, filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. On January 4, 2017,

2

the Chapter 7 trustee initiated the above-captioned adversary proceeding against creditor Landmark Acceptance Corporation ("Landmark") (Docket No. 1). Landmark filed its answer to the trustee's complaint on February 3, 2017 (Docket No. 4). On August 11, 2017, both parties filed cross-motions for summary judgment (Docket Nos. 22 and 23), and briefing is now complete.

SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56, made applicable to bankruptcy proceedings by Bankruptcy Rule 7056, provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Although Rule 56 was amended in 2010, the amendments did not substantively change the summary judgment standard. *Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012).

"A court reviewing a motion for summary judgment cannot weigh the evidence or make credibility determinations." *Ohio Citizen Action v. City of Englewood*, 671 F.3d 564, 569 (6th Cir. 2012). "Instead, the evidence must be viewed, and all reasonable inferences drawn, in the light most favorable to the non-moving party." *Id.* at 570. "A genuine issue of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving

3

party.'" *Yeschick v. Mineta*, 675 F.3d 622, 632 (6th Cir. 2012) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The party seeking summary judgment carries the initial burden of demonstrating the absence of a genuine issue of material fact. The movant may carry this initial burden by showing "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party carries this initial burden, "the nonmoving party may not rest upon its allegations and denials, but rather must set forth specific facts showing that there is a genuine issue for trial." *Snow v. Nelson*, 634 Fed. App'x 151, 154 (6th Cir. 2015).

"The fact that both parties have moved for summary judgment does not mean that the court must grant judgment as a matter of law for one side or the other." *Taft Broadcasting Co. v. United States*, 929 F.2d 240, 248 (6th Cir. 1991). "Rather, the court must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration." *Id.*; *accord Craig v. Bridges Bros. Trucking LLC*, 823 F.3d 382, 387 (6th Cir. 2016).

## FACTS FOR SUMMARY JUDGMENT

Unless otherwise indicated, the following facts are undisputed. On

July 22, 2016, the debtor purchased a 2011 Buick Regal from Carite Cleveland. To complete the sale, the debtor signed a bill of sale that included the following provision: "If this transaction is to be a retail installment sale, this contract is not effective unless financing is obtained." The debtor also signed a retail installment contract and security agreement on that same day. Carite Cleveland then assigned its rights in and to the retail installment contract and security agreement to Landmark on that same day. Both parties acknowledge that the debtor took physical possession of the motor vehicle on July 22, 2016. *See* Trustee's Reply Brief at 1–3 (Docket No. 33) (including excerpts from debtor's deposition transcript); Creditor's Motion for Summary Judgment at Exhibit 2, ¶ 9 (Docket No. 23) (Affidavit of Tom Ciatti, acknowledging Carite's belief that debtor received contingent position of the vehicle on July 22, 2016). Landmark asserts that the delivery was "conditional," contingent upon Landmark's approval of the loan it would provide to the debtor. According to Landmark, it approved the loan on August 4, 2016.

On August 23, 2016, thirty-two days after the debtor purchased and took possession of the vehicle, an original Ohio Certificate of Title was issued with respect to the vehicle noting the debtor as the owner and a lien in favor of Landmark. The debtor filed a voluntary petition for relief under Chapter 7 of the

5

Bankruptcy Code on September 26, 2016, sixty-six days after the debtor purchased and took possession of the vehicle and thirty-four days after issuance of the Ohio Certificate of Title.

## DISCUSSION

Section U.S.C. § 547(b) provides as follows:

Except as provided in subsections (c) and (i) of this section, the trustee may avoid any transfer of an interest of the debtor in property—

    (1) to or for the benefit of a creditor;

    (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

    (3) made while the debtor was insolvent;

    (4) made—

        (A) on or within ninety days before the date of the filing of the petition; or

        (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

    (5) that enables such creditor to receive more than such creditor would receive if—

> > (A) the case were a case under chapter 7 of this title;
>
> > (B) the transfer had not been made; and
>
> > (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b). The trustee bears the burden of proving avoidability of a transfer under § 547(b) by a preponderance of the evidence. 11 U.S.C. § 547(g); *see Grogan v. Garner*, 498 U.S. 279, 286 (1991). The elements of such an action include (1) a transfer of a property interest of the debtor; (2) on account of an antecedent debt; (3) made while the debtor was insolvent; (4) made within ninety days prior to the filing of the bankruptcy petition; (5) that benefits a creditor; and (6) enables the creditor to receive a larger share of the estate than if the transfer had not been made. 11 U.S.C. § 547(b); *accord Union Bank v. Wolas*, 502 U.S. 151, 155 (1991) (using a slightly different order and not counting the transfer itself as a separate element); *Luper v. Columbia Gas of Ohio, Inc. (In re Carled, Inc.)*, 91 F.3d 811, 813 (6th Cir. 1996) (same); *Field v. Lebanon Citizens Nat'l Bank (In re Knee)*, 254 B.R. 710, 712 (Bankr. S.D. Ohio 2000) (citing *Union Bank* but identifying the six elements listed above).

The trustee contends that the undisputed facts establish each of the elements of his claim under § 547(b) as a matter of law. In addition, the trustee contends

7

that Landmark's defenses must fail as a matter of law.

Landmark has two principal arguments. First, Landmark asserts that because the debtor only took conditional delivery on July 22, 2016, and the loan was not approved until August 4, 2016, the debtor's transfer of a security interest in the vehicle was perfected within thirty days of when the debtor acquired rights in the property transferred. As a result, Landmark asserts that no antecedent debt was incurred before such transfer was made under §§ 547(b)(2) and (e), and/or that it has a complete defense under § 547(c)(3). Second, Landmark asserts it has a complete defense under § 547(c)(1) because the transfer of a security interest in the vehicle was in fact a substantially contemporaneous exchange.

The Court will address each of the elements of § 547(b) in turn. The Court will then address Landmark's statutory defenses under §§ 547(c)(3) and (c)(1).

*I. ELEMENTS OF A PREFERENTIAL TRANSFER*

The first element requires a transfer of an interest of the debtor in property. A "transfer" is defined under the Bankruptcy Code as "the creation of a lien; . . . or each mode . . . absolute or conditional . . . of disposing of or parting with . . . property . . . or an interest in property." 11 U.S.C. § 101(54). The transfer of a security interest in a motor vehicle is a "transfer of an interest of the debtor in property." *Knee*, 254 B.R. at 712 ("Federal Courts have consistently held that the

8

grant of a security interest in a motor vehicle constitutes a § 547(b) transfer"). In this case, the creation of a security interest in the debtor's vehicle occurred on July 22, 2016, when the debtor signed the security agreement and took possession of the vehicle.

The debtor must have rights in the collateral before the creditor's security interest can attach. Ohio Rev. Code Ann. § 1309.14(A)(3) ("[A] security interest is not enforceable against the debtor or third parties with respect to the collateral and does not attach unless . . . the debtor has rights in the collateral"). The Sixth Circuit has held that possession, or "delivery," of a motor vehicle provides an interest in the property to the debtor, such that a creditor's security interest may attach. *Whittaker v. Ford Motor Credit Co. (In re Edney)*, No. 93-3907, 47 F.3d 1168 (Table), 1995 WL 16883, at *4 (6th Cir. Jan. 17, 1995); *Silagy v. Jay's Auto Sales, Inc. (In re Jackson)*, Adv. No. 06-6082, 2006 WL 3064087, at *3 (Bankr. N.D. Ohio Oct. 23, 2006).

The second element is whether the transfer was made on account of an antecedent debt. In this case, the potentially antecedent debt was the promise to pay the debtor made on July 22, 2016, when he signed the note and took conditional delivery of the vehicle. For purposes of § 547(b), when the transfer was made depends in part upon when the security interest was perfected.

9

Section 547(e)(2) states that:

> For purposes of this section . . . a transfer is made—
>
> (A) At the time such transfer takes effect between the transferor and the transferee, if such transfer is perfected at, or within thirty days after, such time, except as provided in subsection (c)(3)(B);
>
> (B) at the time such transfer is perfected, if such transfer is perfected after such 30 days or;
>
> (C) immediately before the date of the filing of the petition, if such transfer is not perfected at the later of—
>
> > (i) the commencement of the case; or
> >
> > (ii) 30 days after such transfer takes effect between the transferor and transferee.

11 U.S.C. § 547(e)(2). A security interest in a motor vehicle is perfected under Ohio Law once the lienholder's interest is noted on the certificate of title. Ohio Rev. Code Ann. § 4505.13. In this case, the Ohio Certificate of Title was not issued until August 23, 2016, thirty-two days after the debtor incurred the debt. Pursuant to § 547(e)(2)(B), the transfer was not made until August 23, 2016, since the transfer was not perfected until more than thirty days after it occurred. Therefore, the debt is considered antecedent by operation of law.

Even if the transfer of the security interest did not occur until August 4, 2016, when Landmark asserts the loan was approved, the transfer would still be on account of an antecedent debt. This is because the debtor made his promise to pay when he signed the retail installment sales contract on July 22, 2016, sixteen days before August 4, 2016, the date Landmark contends the transfer of the security interest occurred. Nothing in the record indicates that the promise to pay signed by the debtor on July 22, 2016, was extinguished and a new promise to pay was created on or after August 4, 2016. Nor does the retail installment contract suggest that the debtor was free to revoke the contract and return the vehicle before financing was approved. Trustee's Motion for Summary Judgment at Exhibit B (Docket No. 22). Rather, the debtor took conditional delivery of the vehicle on July 22, 2016, and made a promise to pay on the same day. True, the debtor's right to retain the vehicle was conditioned upon approval of financing by Landmark. But this approval, which occurred later, did not change the date that the debtor signed the contract and made his promise to pay.

The third element requires that the transfer was made when the debtor was insolvent. The term "insolvent" is defined under the Bankruptcy Code as ". . . [a] financial condition such that the sum of such entity's debts is greater than all of such entity's property, at fair valuation, exclusive of . . ." property transferred or

11

exempted from property of the estate. 11 U.S.C. § 101(32)(A). Section § 547(f) creates the presumption of insolvency during the ninety-day period preceding bankruptcy, which includes the time period when the debtor signed the contract and security agreement and took conditional possession of the vehicle. Landmark has not challenged this presumption of insolvency. Furthermore, according to the debtor's schedules, the debtor's liabilities as of the petition date were $52,583.38, exceeding his total assets of $20,155.00.

The fourth element is whether the transfer occurred within ninety days prepetition. As noted above, the transfer is deemed to have occurred on August 23, 2016, pursuant to § 547(e)(2). Thus, the transfer occurred thirty-five days before the debtor filed his voluntary petition for bankruptcy, well within the requisite time period.

The fifth element is whether the transfer benefitted Landmark as a creditor. Once the debtor signed the security agreement and assignment on July 22, 2016, Landmark became a creditor. Trustee's Motion for Summary Judgment at Exhibits B and C (Docket No. 22). Additionally, the existence of Landmark's pre-existing debt is acknowledged in Landmark's proof of claim. Trustee's Motion for Summary Judgment at Exhibit G (Docket No. 22).

The sixth element is whether the transfer will allow the creditor to receive a

larger part of the estate than if the transfer had not been made. The recipient of a transfer is deemed to receive more than it would have apart from the transfer if the dividend to unsecured creditors in a liquidation will be less than 100 percent. *Still v. Rossville Bank (In re Chattanooga Wholesale Antiques, Inc.)*, 930 F.2d 458, 465 (6th Cir. 1991); *accord Lyndon Prop. Ins. Co. v. E. Kentucky Univ.*, No. 05-5552, 200 Fed. App'x 409, 419 (6th Cir. 2006). According to the trustee's affidavit, the vehicle and the trustee's preference claim are the only assets in the debtor's bankruptcy estate; no funds were recovered by the estate prior to the initiation of the adversary proceeding. Trustee's Motion for Summary Judgment at Affidavit of Virgil E. Brown, Jr., Trustee, ¶ 12 (Docket No. 22). The trustee anticipates that there will be insufficient funds to pay a 100 percent dividend to unsecured creditors in this case, considering the claims filed and administrative costs. *Id.* at ¶ 14. Thus, the trustee can satisfy all of the elements for an action to avoid a transfer in favor of Landmark.

## II. LANDMARK'S DEFENSES UNDER §§ 547(c)(1) AND (c)(3)

In support of its position that the trustee cannot avoid its security interest, Landmark asserts two complete defenses under §§ 547(c)(1) and (c)(3). The Court will address Landmark's § 547(c)(3) defense first, since an analysis of Landmark's § 547(c)(3) defense determines its ability to assert a defense under § 547(c)(1).

13

Section 547(c)(3) provides that the trustee may not avoid a transfer that creates a security interest in property acquired by the debtor:

(A) to the extent such security interest secures new value that was—

(i) given at or after the signing of a security agreement that contains a description of such property as collateral;

(ii) given by or on behalf of the secured party under such agreement

(iii) given to enable the debtor to acquire such property; and

(iv) in fact used by the debtor to acquire such property; and

(B) that is perfected on or before 30 days after the debtor receives possession of such property[.]

11 U.S.C. § 547(c)(3). Based upon the clear language of the statute, Landmark's argument must fail because the debtor received possession of the vehicle more than thirty days before Landmark perfected its security interest on the certificate of title. The requirement of § 547(c)(3)(B) is expressly tied to the time when the debtor received possession of the property, not when the debtor received title. In this case, it is undisputed that the debtor took physical possession of vehicle on July 22, 2016. Trustee's Motion for Summary Judgment at ¶ 9 (Docket No. 22); Creditor's Motion for Summary Judgment at Exhibit 2, ¶ 9 (Docket No. 23). That Landmark considered the delivery of the vehicle "conditional" is irrelevant. The

plain meaning of § 547(c)(3) is clear. The security interest must be "perfected on or before 30 days after the debtor receives possession of such property[.]" 11 U.S.C. § 547(c)(3)(B).

Nor does this interpretation of § 547(c)(3) lead to an absurd result. On the contrary, it encourages creditors to act promptly when making a conditional delivery of a vehicle or other property that is contingent upon approved financing. Otherwise, a lender could delay a decision about financing indefinitely, knowing that the thirty-day time limit for perfection would not even start until a final decision on financing had been made.

Alternatively, Landmark asserts that the transfer of a security interest in the vehicle was a substantially contemporaneous exchange. Section 547(c)(1) provides that the trustee may not avoid a transfer that was:

> (A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and
>
> (B) in fact a substantially contemporaneous exchange[.]

11 U.S.C. § 547(c)(1). Thus, a transfer may be insulated from attack by a trustee if (1) a creditor extends new value to the debtor, (2) both parties intended the transfer to be a contemporaneous exchange, and (3) the transfer was in fact a

15

substantially contemporaneous exchange. 5 Collier on Bankruptcy ¶ 547.04[1], at 547-43–44 (Alan N. Resnick & Henry J. Sommer eds., 16th ed).

The Sixth Circuit has held that purchase money security interests that are not perfected within thirty days after transfer cannot be considered a substantially contemporaneous exchange of new value. *Ray v. Security Mut. Fin. Corp. (In re Arnett)*, 731 F.2d 358, 364 (6th Cir. 1985). As the court in *Arnett* stated, § 547(e)(2)(B) "explicitly provides that a security interest perfected more than 10 [now 30] days after its creation does not relate back and is deemed to have occurred on the date of perfection." *Id.* Although § 547(c)(1) does not explicitly state a thirty-day requirement for perfection, the court noted that "expansion of section 547(c)(1)'s reference to contemporaneity beyond 10 [now 30] days in the context of transfers of security interests is erroneous." *Id.* at 363. Accordingly, the court held that the applicability of the contemporaneous exchange defense to delayed perfection of a security interest is limited by the time limits of § 547(e)(2). *Id.* at 364.

In addition, a creditor that gives a purchase money security interest may not use the more general defense for substantially contemporaneous exchanges under § 547(c)(1) if it cannot successfully assert the enabling defense of § 547(c)(3), which specifically addresses such transfers. *Id.* at 362, 364.

> All of the circuit courts of appeals that have considered this issue have held that section 547(c)(1) is not available to creditors who fail to meet the time requirement of section 547(c)(3). These courts have collectively reasoned that Congress's intent in creating a specific provision governing enabling transactions and a particular period for perfecting the security interests securing the new credit as a defense would be circumvented by allowing creditors to perfect their security interests outside that period and then use the contemporaneous exchange exception to prevent avoidance of their security interests.

5 Collier on Bankruptcy ¶ 547.04[1][b], at 547-47–48; *see, e.g.*, *Gower v. Ford Motor Credit Co. (In re Davis)*, 734 F.2d 604, 607 (11th Cir. 1984) ("we hold that 11 U.S.C. § 547(c)(1) is not available to except from avoidance an enabling loan perfected beyond the . . . period allowed in § 547(c)(3)"). The bankruptcy courts within the Sixth Circuit have consistently followed this reasoning. *Jackson*, 2006 WL 3064087, at *5; *Baumgart v. Farmers Nat'l Bank of Canfield (In re Lopez)*, 265 B.R. 570, 573 (Bankr. N.D. Ohio 2001); *Bank One, Dayton, N.A. v. Bavely (In re Phillips)*, 103 B.R. 893, 895 (Bankr. S.D. Ohio 1989).

In this case, Landmark obtained a purchase money security interest in the debtor's vehicle. Following the creation of that security interest on July 22, 2016, more than thirty days elapsed before Landmark's perfection of that interest on August 23, 2016. Thus, this Court follows the Sixth Circuit's holding in *Arnett* and finds that the time requirement under § 547(e)(2) bars Landmark from asserting a defense under § 547(c)(1). Furthermore, even if the transfer of the security interest did not occur until August 4, 2016, or later, binding precedent

17

from the Sixth Circuit prevents Landmark—as a holder of a purchase money security interest who cannot successfully assert a defense under § 547(c)(3)—from successfully asserting a defense under § 547(c)(1). *Arnett*, 731 F.2d at 362, 364.

CONCLUSION

For the reasons stated above, the trustee's motion for summary judgment (Docket No. 22) is granted, and Landmark's motion for summary judgment (Docket No. 23) is denied. The trustee may avoid Landmark's lien on the 2011 Buick Regal as a preferential transfer and preserve it for the benefit of the bankruptcy estate pursuant to §§ 547 and 551 of the Bankruptcy Code.

IT IS SO ORDERED.